**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KATHLEEN ANDREWS, | No. CIV S-10-1575-CMK |
| Plaintiff, | |
| vs. | ORDER |
| FOCUS RECEIVABLES MANAGEMENT, LLC, | |
| Defendant. | |
| _____/ | |

Plaintiff, who is proceeding with retained counsel, brings this civil action under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.[1]

///

///

---

[1] The only named defendant – Focus Receivables Management, LLC – was voluntarily dismissed and plaintiff has failed to file an amended complaint naming any other defendant(s).

1

On July 21, 2011, the court directed plaintiff to file an amended complaint within 30 days. More than 30 days elapsed and, on August 25, 2011, the court directed plaintiff to show cause why this action should not be dismissed for lack of prosecution and failure to comply with court rules and orders. Plaintiff was warned that failure to file an amended complaint may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110. To date, plaintiff has neither responded to the order to show cause nor filed an amended complaint as directed.

The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Having considered these factors, and in light of plaintiff's failure to file an amended complaint as directed, the court finds that dismissal of this action is appropriate.

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed without prejudice; and

2. The Clerk of the Court is directed to enter judgment and close this file.

DATED: October 17, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE